IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON DEARMOND,

    Plaintiff,

v.

OFFICER ROBLES, OFFICER RODAS, LT. DANZ, LT. RAMIREZ, DETECTIVE HARDWICK-TABOR, DETECTIVE LLEWELLYN, DETECTIVE MCFARLAND,

    Defendants.
_____/

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Sharon DeArmond brings this Complaint seeking damages against Defendants for detaining her without articulable suspicion, searching her personal belongings and vehicle without probable cause and seizing her without probable cause, violating her rights under the Fourth Amendment as well as state law.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the

unlawful actions alleged this Complaint occurred in this District and Division.

## PARTIES

3. Plaintiff Sharon DeArmond is a resident of Georgia and at all times during the incident that is the subject of this Complaint, she was a resident of Norcross, Gwinnett County, Georgia.

4. Defendant Officer Robles of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

5. Defendant Officer Rodas of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

6. Defendant Lieutenant Danz of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

7. Defendant Lieutenant Ramirez of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

8. Defendant Detective Hardwick-Tabor of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

9. Defendant Detective Llewellyn of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

10. Defendant Detective McFarland of the Cobb County Police Department is a citizen of Cobb County, Georgia and subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. On the evening of October 12, 2017, Plaintiff Sharon DeArmond, a black female, was driving for Uber in Cobb County, Georgia.

12. She picked up a female rider in Marietta, Georgia and dropped off the rider at her designated location, Extended Stay America, 2225 Interstate North Parkway SE, Atlanta, at approximately 9:00 p.m.

13. Ms. DeArmond then drove down the road from the hotel towards the Pappadaux's and Pappasito's restaurants.

14. She stopped in the restaurants' parking lot to smoke a cigarette.

15. She left her car running and stepped out with her phone to smoke; she paged through social media while waiting for another Uber call.

16. As she was leaning on her car, three Cobb County Police Department (CCPD) cruisers sped towards her with lights on.

17. The Officers jumped out of the cruisers with weapons drawn and pointed at Ms. DeArmond.

18. All Officers are male and appeared to be either white or Hispanic.

19. Officer # 1 screamed at her to put her hands up[1].

20. Ms. DeArmond was terrified and asked what was going on while putting her hands in the air and dropping her cigarette, she was still holding her phone.

21. Officer # 2 approached her and confiscated her phone and walked away with it.

22. Officer #1 ordered her to step away from her vehicle and she complied.

23. He asked her what she was doing and Ms. DeArmond explained that she is an Uber driver – that she just dropped off a ride at the hotel and was taking a break.

24. Officer #1 then ordered Officer #2 to handcuff Ms. DeArmond. She asked again what was happening and Officer #1 told her to "calm down."

25. As these two officers are holding her in front of a cruiser, she sees Officer #3 in her car turning off the ignition and rummaging through the console and glove compartment.

---

[1] None of the officers identified themselves to Plaintiff at the time of the incidents in this Complaint; however, Cobb County Police Department disclosed their identities pursuant to responses to open records requests. However, the disclosure did not identify the individual Officer's acts by each Officer's name. Plaintiff will match the names to each individual's acts through discovery in this matter.

26. None of the Officers asked for her permission or consent to search her vehicle.

27. Officer #1 then physically patted down Ms. DeArmond, pulling her jacket and sliding his hands into her pockets.

28. While this is happening, the remaining Officers were behind Ms. DeArmond and she could not see their faces due to the glaring lights of the cruisers.

29. Officer #1 then told Officer #2 to put Ms. DeArmond in the back seat of the cruiser.

30. She is in shock and once again asks what is happening and what she did wrong. She also asks if she is under arrest.

31. Officer #1 responded that they were going to take her to "another location."

32. They pull out of the parking lot, which was well lit, and after a few minutes, the officers pull into a dimly lit parking lot of an office park.

33. As they were leaving the restaurants, Ms. DeArmond saw Officer #3 drive her car out of the restaurant parking lot.

34. At the office park, the Officers exited their cruisers and were talking.

35. From the back seat of the cruiser, Ms. DeArmond can see that the

building is empty, as is the parking lot. There was not another person in sight. Her mind was racing and her heart was pounding. She had no idea what was happening and she was scared for her life.

36. Officer #2 got her out of the cruiser and made her stand next to the vehicle while he stood immediately in front of her.

37. Ms. DeArmond started to shiver uncontrollably from fear.

38. She saw Officer #3 going through her handbag that was in her car and once again searching the interior of her car as well as the trunk. This search appeared to be much more comprehensive than his first search of her car.

39. Again, no Officer asked for her permission or consent to search her belongings and vehicle.

40. The remaining Officers once again stood behind her.

41. Officer #1 told Officer #2 to remove the handcuffs and then he went to speak with Officer #3.

42. Officer #1 returned to Ms. DeArmond and says, "do you know why you're here?" She said no. He asked again and she gave the same response.

43. He asked if she knew the rider Ms. DeArmond dropped off at the hotel, and she explained that Uber is random and no, she did not know the rider.

44. Officer #1 claimed the rider was a prostitute.

45. He then asked Ms. DeArmond for her name and date of birth and wrote it in a notepad then told her she was free to leave.

46. Ms. DeArmond was still shaking, confused and discombobulated. She did not know where she was but finally found the exit to the office park. She started to drive but had to pull over to a well-lit parking lot where she broke down in tears.

47. She was in no condition to continue driving Uber for the night.

48. She finally was able to gather herself to set the GPS to drive home.

49. The next day she was crying uncontrollably thinking about the events with the Officers the night before.

50. Her state of mind made driving for Uber not possible, causing her to lose earnings.

51. A few days later, she was scheduled for drills for her National Guard duty; she cried throughout the two days of training.

52. Ms. DeArmond felt violated by Defendants' acts.

### COUNT I: ILLEGAL DETENTION, SEARCH & SEIZURE
### FOURTH AMENDMENT
### 42 U.S.C. § 1983

53. Plaintiff re-alleges the allegations contained in paragraphs 1-52.

54. At all times relevant to this count, the Defendants were acting under

color of state law and within the scope of their discretionary functions as employees of the Cobb County Police Department (CCPD).

55. Acting under color and authority of state law, the Defendants violated Plaintiffs' Fourth Amendment rights to be free from baseless detention and arrest.

56. Defendants had no reasonable suspicion to detain Plaintiff.

57. Defendants had no probable cause to arrest Plaintiff.

58. Defendants had no probable cause to search through Plaintiff's personal belongings and vehicle.

59. At no time did Plaintiff engage in any behavior that would warrant her detention.

60. An objectively reasonable law enforcement officer would know that no arguable reasonable articulable suspicion existed to detain Plaintiff.

61. At no time did Plaintiff engage in any behavior or act that would warrant her seizure, handcuffing her and locking her in the backseat of the police cruiser.

62. Defendants seized Plaintiff without probable cause – or arguable probable cause.

63. An objectively reasonable law enforcement officer would know that no arguable probable cause existed to seize Plaintiff.

64. Defendants searched Plaintiff's phone, purse and her vehicle without probable cause – or arguable probable cause – and without her consent.

65. An objectively reasonable law enforcement officer would know that no arguable probable cause existed to conduct the warrantless search of Plaintiff's personal belongings and vehicle.

66. Pre-existing law gave the individual Defendants fair warning that their actions violated Plaintiff's Constitutional rights.

67. Plaintiff is entitled to recover economic and compensatory damages for the Constitutional deprivations suffered at the hands of the Defendants in an amount to be determined by the enlightened conscience of the jury.

68. The individual Defendants acted intentionally, willfully, maliciously and oppressively, thereby entitling Plaintiffs to an award of punitive damages to be determined by the enlightened conscience of the jury.

### COUNT II: FALSE ARREST/FALSE IMPRISONMENT
### O.C.G.A. §§ 51-7-1, 51-7-20, 51-7-22

69. Plaintiff re-alleges the allegations contained in paragraphs 1-52.

70. At all times relevant to this count, the Defendants were acting under color of state law and within the scope of their discretionary functions as employees of Cobb County Police Department (CCPD).

71. As described above, Defendants falsely imprisoned Plaintiff when

they detained her without any reasonable articulable suspicion and seized her without probable cause.

72. The Defendants were motived by actual malice with the intent to injure Plaintiffs when they detained and arrested them.

73. Plaintiff suffered emotional pain and suffering for which she may recover economic and compensatory damages in amounts to be determined by the enlightened conscience of the jury.

74. The Defendants acted with actual malice and the intent to injure the Plaintiff, thereby entitling Plaintiff to an award of punitive damages to be determined by the enlightened conscience of the jury.

### COUNT III: ATTORNEY'S FEES
### O.C.G.A. § 13-6-11

75. Plaintiff re-alleges the allegations contained in paragraphs 1-52.

76. Defendants acted in bad faith, and / or have been stubbornly litigious and have caused Plaintiff to undertake the unnecessary trouble and expense of hiring attorneys to seek redress.

77. As a result of Defendants' actions, Defendants are liable to Plaintiff for her reasonable attorney's fees and the costs of this action pursuant to O.C.G.A. § 13-6-11 and as otherwise provided by Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

a. Assume jurisdiction over this action;

b. Award judgment against Defendants and for the Plaintiff;

c. Award Plaintiff economic and compensatory damages for mental and emotional distress, anxiety, humiliation, and any other injury in an amount to be determined by the enlightened conscience of the jury;

d. Award Plaintiff punitive damages against Defendants in an amount to be determined by the enlightened conscience of the jury to deter each Defendant and others from similar misconduct in the future;

e. Award Plaintiff reasonable attorney's fees, expenses and costs of litigation pursuant to 42 U.S.C. § 1988, O.C.G.A. § 13-6-11 and other applicable state and federal laws;

f. Award Plaintiff pre and post-judgment interest;

g. Award Plaintiff such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 11th day of October 2019,

 /s/ Lisa C. Lambert
Lisa C. Lambert
Georgia Bar No. 142135
Law Office of Lisa C. Lambert
245 North Highland Avenue
Suite 230-139
Atlanta, GA 30307
404.556.8759
lisa@civil-rights.attorney

*Attorney for Plaintiff*